UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>        Plaintiff,<br><br>v.<br><br>ACADEMIC SOFTWARE HQ INC., a Nevada corporation,<br><br>        Defendant. | Case No.: 16cv1753-BTM-BLM<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>**[ECF NO. 12]** |

  Plaintiff Microsoft Corporation, a Washington corporation ("Microsoft"), has sued defendant Academic Software HQ Inc., a Nevada corporation ("Academic Software"), for copyright and trademark infringement based on its allegedly infringing advertisement and sale of Microsoft Software on its internet website, academicsoftwarehq.com.  On April 7, 2017, the Court issued an order to show cause ("OSC") requiring Microsoft to show Academic Software is subject to in personam jurisdiction in California, and that service of process on Academic Software was effective. (ECF No. 12.)  Microsoft has filed a timely response to the OSC. (ECF No. 13.)  For the reasons discussed below, the Court finds Microsoft has shown valid service of process and has demonstrated sufficient contacts to establish a prima facie case that Academic Software is subject to general personal jurisdiction in California.  The Court will therefore discharge the OSC.

//

## I. BACKGROUND

The Court previously discussed Microsoft's claims in detail in the OSC, and accordingly revisits only those aspects relevant to the present issues regarding personal jurisdiction over Academic Software.

Microsoft claims Academic Software infringed on Microsoft software, associated trademarks and service marks, by advertising and selling unlicensed Microsoft software through its website, academicsoftwarehq.com. Compl. ¶¶ 10-11. In support of its claims, Microsoft identified two incidents in October and November 2015 in which infringing Microsoft Office 2010 and Office Professional Plus 2010 software suites were purchased and distributed to an investigator. Id. ¶¶ 12-14.

On August 3, 2016, Microsoft filed a proof of service showing that on July 14, 2016, Academic Software was served the summons and complaint by personal delivery to Patty Linden, "authorized to accept service at US Corp., registered agents," at an address in Las Vegas. (ECF No. 6.) After no response to the complaint was filed, Microsoft requested entry of default, and on August 15, 2016, the clerk entered the default of Academic Software. (ECF Nos. 8.)

Microsoft thereafter filed a motion for entry of default judgment. (ECF No. 9.) In evaluating the motion, the Court sua sponte considered whether it had acquired personal jurisdiction over Academic Software. It noted that the complaint alleged Academic Software "is or was" a Nevada corporation, which called into question whether delivery of the summons and complaint to its registered agents was effective service given it was a potentially defunct corporation. The Court also was unable to confirm that Academic Software was subject to general or specific jurisdiction in California, since it was apparently domiciled in Nevada, its website did not appear to target residents of California, and the investigator who made the purchases of infringing software appeared to have done so from Pennsylvania. The Court thus denied the motion for default judgment and issued the OSC in order

to require Microsoft to demonstrate the validity of its service of the summons and complaint, and to show Academic Software was subject to general or specific personal jurisdiction in this forum.

On April 27, 2017, Microsoft filed a timely response to the OSC. (ECF No. 13). Microsoft presents evidence that Academic Software's Nevada corporate status was revoked effective July 1, 2016, but that service on U.S. Corp., its former agent for service of process, was valid under a Nevada statute that provides a three-year grace period following revocation during which a corporation can be validly served through its registered agent.

With regard to whether Academic Software is subject to in personam jurisdiction in this forum, Microsoft submits evidence that the shipping document attached to a shipment of disks of infringing software shows the package was sent to the investigator from an address in San Diego.[1] Microsoft also submits evidence that Shawn Green, Academic Software's sole officer, has formed two California limited liability companies with offices at the same San Diego street address as the one identified in the Academic Software shipping document. Microsoft contends this evidence shows Academic Software had sufficient contacts with California to support subjecting it to personal jurisdiction here.

## II. DISCUSSION

### A. Validity of Service

The Court first addresses Microsoft's contention that it has shown valid service on Academic Software.

A corporation may be served "in the manner prescribed by Rule 4(e)(1)," that is, "by … following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is

---

[1] The complaint alleges the software was distributed to the investigator "via Internet download." Compl. ¶ 15. It now appears the software was actually sent to the investigator via disk. Decl. Kevin Chow ¶ 2 (stating Microsoft software was "to be delivered as a disk by shipment to an address of my choosing").

made…." See Fed. R. Civ. P. 4(h)(1)(A).

Microsoft contends the service at issue here was made in Nevada, pursuant to the following provision:

> <u>All legal process and any demand or notice authorized by law to be served upon the corporation… may be served upon the registered agent listed as the registered agent of the entity in the records of the Secretary of State</u>, personally or by leaving a true copy thereof with a person of suitable age and discretion at the most recent street address of the registered agent shown on the information filed with the Secretary of State pursuant to chapter 77 of NRS. <u>Service of legal process or any demand or notice pursuant to this subsection is valid regardless of whether the status of the entity in the records of the Secretary of State is in default or is revoked</u> and regardless of any debts or disputes between the entity and its registered agent <u>if such process is served within 3 years after the entity's date of default</u>.

Nev. Rev. Stat. § 14.020(2) (emphasis added).

The Court agrees Microsoft's service on Academic Software was valid under § 14.020(2) of the Nevada Revised Statutes. Microsoft has submitted a website printout of business entity information on file with the Nevada Secretary of State. Decl. Audra Mori ¶ 2, Ex. A. This document shows Academic Software is a Nevada corporation whose registered agent for service of process is United States Corporation Agents, Inc., 500 N. Rainbow Blvd., Suite 300A, Las Vegas, Nevada. Decl. Audra Mori ¶ 2, Ex. A. Its status is identified as "revoked," apparently because it is delinquent on renewal fees due May 31, 2015. See id.; Resp. OSC at 5:4-5. Microsoft's proof of service shows Academic Software was served via delivery of the summons and complaint to Patty Linden, "at US Corp.," clearly Academic Software's registered agent. Proof of Serv. at 2. Service was made on July 14, 2016, within three years of the May 31, 2015 revocation.[2] Accordingly,

---

[2] Even if the revocation did not take effect the same day Academic Service's annual renewal fees became due on May 31, 2015, the Court is satisfied service took place within the required three-year period. The corporation was formed May 15, 2014, and any revocation of its corporate status necessarily would have occurred thereafter,

4

16cv1753-BTM-BLM

delivery of the summons and complaint to Patty Linden at U.S. Corp resulted in effective service on Academic Software under Nevada Revised Statutes § 14.020(2).

B. In Personam Jurisdiction

Microsoft submits that Academic Software's shipment of infringing software from San Diego, and Green's formation of two California limited liability companies operating from the same San Diego shipping address, show Academic Software had sufficient contacts with California to be subjected to personal jurisdiction here.

Where "no federal statute authorizes personal jurisdiction, the court applies the law of the state in which the court sits." Mavrix Photo, Inc. v. Brand Techs. Inc., 647 F.3d 1218, 1223 (9th Cir. 2011). Accordingly, whether the Court has personal jurisdiction over Academic Software is determined in accordance with California law. "California's long-arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same." Id. (citing Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004)). "For a court to exercise personal jurisdiction over a non-resident defendant consistent with due process, that defendant must have 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940))).

Depending on the nature and scope of the defendant's contacts with the forum, jurisdiction may be general or specific to a cause of action. Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). When a defendant's contacts with the forum state are "substantial" or "continuous and systematic," general

---

and within three years of the July 14, 2016 service.

jurisdiction may be exercised over that defendant for any cause of action, even if it is unrelated to the defendant's activities in the forum state. <u>Schwarzenegger</u>, 374 F.3d at 801-02; <u>Data Disc, Inc. v. Sys. Tech. Assocs.</u>, 557 F.2d 1280, 1287 (9th Cir. 1977).

"For general jurisdiction to exist over a nonresident defendant…, the defendant must engage in 'continuous and systematic general business contacts… that 'approximate physical presence' in the forum state." <u>Schwarzenegger</u>, 374 F.3d at 801 (quoting <u>Helicopteros Nacionales de Columbia, S.A. v. Hall</u>, 466 U.S. 408, 416 (1984); <u>Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.</u>, 223 F.3d 1082, 1086 (9th Cir. 2000)) (internal citation omitted). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." <u>Bancroft & Masters</u>, 223 F.3d at 1086. Here, Green was Academic Software's sole corporate officer, and it appears, based on Microsoft's submission, that he was operating from the San Diego address from which Academic Software's infringing software was shipped. The Court finds Microsoft's evidence sufficient, at least at this early stage of the action, to make a prima facie showing of general jurisdiction. The Court's decision in this regard is not final and may be challenged by subsequent motion.

### III. **CONCLUSION AND ORDER**

For the reasons discussed above, the OSC is DISCHARGED.

IT IS SO ORDERED:

Dated: May 30, 2017

*[signature]*
Barry Ted Moskowitz, Chief Judge
United States District Court