UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ACADEMIC SOFTWARE HQ INC., a Nevada corporation,<br><br>Defendant. | Case No.: 16cv1753-BTM-BLM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>**[ECF NO. 14]** |

Plaintiff Microsoft Corporation, a Washington corporation ("Microsoft"), has filed a motion for leave to amend its complaint. (ECF No. 14.) For the reasons discussed below, the motion will be granted.

I. **BACKGROUND**

On July 7, 2016, Microsoft filed a complaint against defendant Academic Software HQ Inc., a Nevada corporation ("Academic Software HQ"), stating claims for copyright and trademark infringement based on Academic Software HQ's allegedly infringing advertisement and sale of Microsoft Software on its internet website, academicsoftwarehq.com. Academic Software HQ failed to respond to the complaint, and its default was entered on August 15, 2016. Microsoft then filed a motion for judgment by default. The Court found Microsoft had not demonstrated sufficient contacts between Academic Software HQ and California to support the Court's exercise of personal jurisdiction over Academic Software HQ, denied the

motion, and issued an order to show cause ("OSC") why the action should not be dismissed for lack of personal jurisdiction. (ECF Nos. 9, 12.)

Microsoft responded to the OSC with evidence that a shipment of disks containing infringing software was distributed by Academic Software HQ from an address in San Diego, and that Shawn Green, Academic Software HQ's sole corporate officer, operated businesses from the same San Diego address. The Court found this evidence sufficient to make a prima facie showing that Academic Software HQ is subject to general personal jurisdiction in this forum and discharged the OSC. (ECF No. 16.)

Microsoft now moves for leave to amend the complaint to add Shawn Green as a defendant, and to allege jurisdictional facts supporting the Court's exercise of personal jurisdiction over Green and Academic Software HQ. Microsoft contends it learned about Green's apparent involvement in sending infringing materials on behalf of Academic Software HQ when it discovered, in connection with gathering evidence for its response to the OSC, that Green was personally operating other businesses out of the same San Diego address. It seeks to add him as a defendant on grounds he is vicariously, contributorily, or directly liable for the same copyright and trademark violations currently asserted against Academic Software HQ. The jurisdictional facts it seeks to add to the complaint conform to the evidence it submitted in response to the OSC.

Microsoft's motion was served on Academic Software HQ and is unopposed.

## II. **DISCUSSION**

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), a policy the Ninth Circuit applies with "extreme liberality." Owens v. Kaiser Found. Health Plan, 244 F.3d 708, 712 (9th Cir. 2001). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" Sonoma County Ass'n of Retired Employees v. Sonoma County, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Rule 20(a)(2) additionally applies where the proposed amendment adds a codefendant. Wright, Miller, Kane, 7 Fed. Practice & Proc.: Civil 3d § 1652 (3d ed. 2001). Under Rule 20(a)(2), "[p]ersons … may be joined in one action as defendants if … (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes." League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977); see United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966) ("Under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").

The Court finds Microsoft's motion for leave to amend satisfies the foregoing requirements. First, none of the factors that require denial of leave to amend under Rule 15(a) are present. The proposed amendment to name Shawn Green as a defendant is not futile, because Microsoft alleges he is potentially directly liable based on his alleged direct involvement in distributing infringing materials, or alternatively that he exercised control over Academic Software HQ and is contributorily or vicariously liable for Academic Software HQ's copyright and trademark infringement. See Fonovisa, Inc. v. Cherry Auction, Inc., 76 F.3d 259, 262-65 (9th Cir. 1996) (holding plaintiff could pursue claims for copyright and trademark infringement based on theories of vicarious or contributory liability). The

amendments to add jurisdictional allegations are likewise non-futile. Based on Microsoft's contention it discovered the facts on which its proposed amendments are based while gathering evidence in response to the Court's OSC, there was no undue delay in bringing this motion, and in any event, undue delay is not sufficient grounds for denying leave to amend. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). There is no indication of bad faith, dilatory motive, or prejudice to Academic Software HQ, nor has there been a "repeated failure to cure deficiencies," given that this is the first time Microsoft has sought leave to amend.

Second, the addition of Shawn Green as a codefendant satisfies the permissive joinder requirements of Rule 20(a)(2). Microsoft's proposed amended complaint asserts claims against Green and Academic Software HQ jointly, and the claims arise out of the same transactions or occurrences and present questions of law and fact common to both defendants. See Fed. R. Civ. P. 20(a)(2)(A), (B).

Accordingly, the Court finds that Microsoft's motion meets the requirements of Rules 15(a) and 20(a)(2) and will grant leave to amend.

## III. **CONCLUSION AND ORDER**

For the reasons discussed above, Microsoft's motion for leave to amend is GRANTED.

IT IS SO ORDERED:

Dated: July 3, 2017

*[signature]*
Barry Ted Moskowitz, Chief Judge
United States District Court